Francesca Freccero, OSB 96287
E-mail: francesca_freccero@fd.org
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:   503-326-2123
Fax:   503-326-5524

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>          vs.<br><br>DWAYNE JAMAL HUBBARD,<br><br>                         Defendant. | No. 3:12-CR-00243-BR<br><br>REQUEST FOR PRETRIAL DISCOVERY, RULE 12(b)(4) NOTICE, AND SUMMARY OF EXPERT TESTIMONY |

TO:   Assistant United States Attorney Leah Bolstad

Defendant, Dwayne Jamal Hubbard, by and through his attorney of record,

Francesca Freccero, does hereby request that the United States Attorney disclose,

produce, and make available for examination and copying by defense counsel or her

agents the following items, whether currently in the possession, custody, control, or knowledge of the United States Attorney, the agents or representatives of the United States Attorney, and/or any law enforcement agent, or which by the exercise of due diligence may become known to the attorneys for the government.

**General Requests for Discovery:**

1.      All state or federal reports relating to the circumstances of any search involving the defendant or his property, each co-defendant and his property, or any other search related to this case, listing the items seized and the information obtained as a result of these searches.  This information is necessary to enable the defendant to prepare motions to suppress evidence.  Rule 16(a)(1), 12(b)(4)(B), and 41(h).

2.       All written or recorded statements of the defendant and any co-defendant (including but not limited to grand jury testimony, telephone calls, depositions, etc.); *see* Rule 16 (a)(1)(B); *United States v. Alex*, 788 F. Supp. 1013, 1016 (N.D. Ill. 1992) (where government "offered no compelling explanation" for non-disclosure of statements of co-defendant, court exercises discretion to order disclosure).

3.      The substance of all oral statements of the defendant and any co-defendant to any government agent; *United States v. Alex*, 788 F. Supp. 1013, 1016 (N.D. Ill. 1992); *United States v. Camargo-Vergara*, 57 F.3d 993, 998-999 (11th Cir. 1995) (reversible error to fail to disclose defendant's post-arrest statement where defense strategy affected).

4.      Any agent's underlying rough notes of the statements requested in items 2 and 3 above. *See United States. v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (rough notes of interviews, especially with the accused, are discoverable and must be preserved); *United States v. Layton*, 564 F. Supp. 1391, 1395 (D. Or. 1983) (court exercises discretion under Rule 16 to order disclosure of notes of interview with defendant).  This request includes all entries in officers' field notebooks or equivalent.

5.      A copy of the defendant's and co-defendant's record of prior convictions and the FBI rap sheet. Rule 16 (a)(1)(D); *see United States v. Audelo-Sanchez*, 923 F.2d 129, 130 (9th Cir. 1990). Both national and local criminal records should be searched. *See United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991).

6.      All books, papers, documents, tangible objects, photographs, buildings or places which are "material to preparing the defense."  Rule 16 (a)(1)(E)(i).

7.      All items in request 6 above that "belong[] to" the defendant. Rule 16 (a)(1)(E)(iii).

8.      All items in request 6 above which were "obtained from" the defendant. Rule 16 (a)(1)(E)(iii).

9.      Any evidence, including but not limited to the items in request 6 above, that is "intended for use by the government" as evidence in its case in chief. Rule 16(a)(1)(E); *see* Rule 12(b)(4)(B); *United States v. de la Cruz-Paulino*, 61 F.3d 986, 992-995 (1st Cir.

1995) (government's failure to designate evidence was violation of former Rule 12(d)(2) "which creates a notice requirement").

10.    Any and all results or reports of physical or mental examinations and of scientific tests or experiments, including but not limited to, chemical analysis, fingerprints, voice prints, and handwriting. Rule 16(a)(1)(F).

11.    A written summary of all expert-witness testimony you intend to offer in your case-in-chief, whether or not the expert has prepared a written report, describing "the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications." Rule 16(a)(1)(G); *United States v. Richmond*, 153 F.R.D. 7 (D. Mass. 1994) (disclosure of existing summaries of experts must occur "forthwith"; others no later than 45 days before trial); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given the defense to check the findings and conclusions of the government's experts"); *United States v. Edwardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989) (defendants could not hire their own expert "until they were informed of the adverse report of the Government's expert").

12.    A description of any prior conviction or prior "similar act" you will seek to use at trial, whether during your case in chief, for impeachment, or for possible rebuttal. Fed.R.Evid. 404(b) (requiring "reasonable notice in advance of trial...of the general nature of any such evidence"); Advisory Committee Notes to 1991 Amendments (noting

court can exclude evidence if prosecution fails to comply with pre-trial notice

requirement of Rule).

13.    A statement that the personnel files of each law enforcement agent who will

testify in the case have been examined.  The Assistant U.S. Attorney should direct that

such files be examined for evidence of any allegations that any officer has ever made a

false statement or has a reputation for dishonesty.  *United States v. Henthorn*, 931 F.2d 29

(9th Cir. 1991);  *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("prosecutor personally has a

duty to learn of any favorable evidence known to others acting on the government's

behalf"); *see United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993) (error not to

disclose magistrate's characterization of agent's testimony as "absolutely incredible"

which was in personnel file); *see United States v. Kiszewski*, 877 F.2d 210, 216 (2d Cir.

1989) (court must conduct *in camera* review of agent's personnel file to determine if

impeachment matter [allegations that agent accepted bribes] should be disclosed).

14.    Reports and records relating to any eavesdropping, wiretapping, electronic

recording of any kind relating to this case. *See* 18 U.S.C.§ 2511 *et. seq.*

15.    All notes or other writings or documents used by a prospective government

witness before the grand jury.  *United States v. Wallace*, 848 F.2d 1464, 1470 (9th Cir.

1988).

16.     The names and addresses of all percipient witnesses interviewed by the government whom the government does not intend to call at the trial.  *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

17.     The arrest and conviction record of each  prospective government witness. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed even if contained in witness's probation file); *Perkins v. Le Fevre*, 691 F.2d 616 (2d Cir. 1982); *United States v. Auten*, 632 F.2d 478, 481-82 (5th Cir. 1980).  The government is required to search both national and local criminal record files.  *See United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991).

18.     Any evidence that a criminal case has recently been dismissed against any prospective government witness.  *See United States v. Smith*, 77 F.3d 511 (D.C. Cir. 1996) (dismissal of two felony cases pending against prosecution witness was material to impeachment and should have been disclosed pursuant to *Brady*); *United States v. Anderson*, 881 F.2d 1128, 1138-39 (D.C. Cir. 1989).

19.     Any evidence that any prospective government witness has any criminal charge pending against him. *United States v. Fried*, 486 F.2d 201 (2d Cir. 1973); *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (pending indictment relevant to bias and motive of witness).

20.     Any evidence that any prospective government witness is under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425, 428 (2d Cir.1985).

21.     Reports, records, or memoranda of federal or state agencies which describe, refer to, or otherwise comment upon their relationship with any informant involved in this case.

22.     Any evidence of express or <u>implicit</u> understandings, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or his agent. *See Giglio v. United States*, 405 U.S. 150 (1972) (agreement not to prosecute); *United States v. Shaffer*, 789 F.2d 682, 689 (9th Cir. 1986) (monies paid for ongoing undercover cooperation in another case); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *United States v. Edwardo-Franco*, 885 F.2d 1002, 1010 (2d Cir. 1989) (earnings of informant in past cases "highly relevant to the question of potential bias and interest"); *United States v. Partin*, 493 F.2d 750, 759 (5th Cir 1974) ("protective" custody status, per diem and special privileges); *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986) (implicit understanding must be disclosed even if no "promise" and even if conditional); *United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) (reversible error not to disclose favors to cooperating witnesses including use of illegal drugs, regular unsupervised  access to female visitors which

facilitated sex and drugs in U.S. Attorney's office, and gifts of money, beer cigarettes, etc.).

23.    Any evidence that any prospective witness has applied to, or requested from, the government any consideration or benefit including but not limited to any plea bargain, dismissal of any charge, sentence reduction or early parole, whether or not the government agreed to such a request. *Reutter v. Solem*, 888 F.2d 578, 581 (8th Cir. 1989); *Brown v. Dugger*, 831 F.2d 1547, 1558 (11th Cir. 1987).

24.    Any evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *United States v. Kojayan*, 8 F.3d 1315 (9th Cir. 1993) (conviction reversed and case remanded to consider dismissal as sanction for government's failure to disclose deal between witness and government, which witness government chose not to call at trial); *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government "advice" to witness must be disclosed); *Campbell v. Reed*, 594 F.2d 4, 7 (4th Cir. 1979) (agreement between the prosecutor and the witness' attorney, where witness was informed that "everything would be all right", must be disclosed); *DuBose v. Lefevre*, 619 F.2d 973, 978-79 (2d Cir. 1980) (prosecutor's statement to the witness that he "would do the right thing" must be disclosed to the defense even if the witness is unaware of its exact meaning).

25.    The full scope of any witness' past cooperation with the government, including but not limited to all monies, benefits, and promises received in exchange for

cooperation, the full extent of the witness' assets, and the status of the witness' present and past income tax liability. *United States v. Shaffer*, 789 F.2d 682, 688-89 and n. 7 (9th Cir. 1988); *United States v. Edwardo-Franco*, 885 F.2d 1002, 1010 (2d Cir. 1989) (evidence of past services highly relevant to bias and interest).

26.    All statements of any prospective witness relevant to his testimony or relevant to impeachment or bias. *See Kyles v. Whitley*, 514 U.S. 419 (1995)  (reversible error not to disclose evidence of misidentification by crucial witness); *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992) (informant's recantation of earlier statement to D.E.A. had to be disclosed as Jencks Act as it bore on credibility); *United States v. Tincher*, 907 F.2d 600 (6th Cir. 1990) (reversible error for prosecutor to withhold grand jury testimony of witness that could contradict his trial testimony).

27.    Any evidence that any prospective witness has made an inconsistent statement to the government or any of its agents with respect to his or her proposed testimony. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (reversible error not to disclose evidence of misidentification by crucial witness); *United States v. Cuffie*, 80 F.3d 514 (D.C. Cir. 1996) (reversible error not to disclose evidence that prosecution witness had lied under oath in a previous court proceeding involving same drug conspiracy); *United States v. Isgro*, 974 F.2d 1091 (9th Cir. 1992) (although dismissal of indictment was not warranted, the court found gross misconduct where prosecutor failed to disclose prior grand jury testimony of witness which was inconsistent with his trial testimony);

*McDowell v. Dixon*, 858 F.2d 945, 949 (4th Cir. 1988) (reversible error to withhold

victim's prior inconsistent statement to police about description of attacker).

28.    Any evidence that any prospective government witness has made a

statement inconsistent with or contradictory to any statement by any other person whether

or not a prospective witness.  *See United States v. Minsky*, 963 F.2d 870, 874-77 (6th Cir.

1992) (witness' statement to FBI contradicted by third party); *Hudson v. Blackburn*, 601

F.2d 785, 789 (5th Cir. 1979) (statement of police officer refuting witness' statement that

he identified defendant at lineup); *United States v. Hibler*, 463 F.2d 455, 460 (9th Cir.

1972) (statement of police officer casting doubt on story of witness); *Hudson v. Whitley*,

979 F.2d 1058, 1064 (5th Cir. 1992) (statement of witness identifying another person as

killer); *United States v. Galvis-Valderamma*, 841 F.Supp. 600 (D.N.J. 1994) (new trial

granted where statements made by arresting officer to FBI agent that bag of heroin found

in car not in plain view should have been disclosed).

29.    Any evidence that any government witness has threatened another

government witness in an attempt to influence his testimony. *United States v. O'Conner*,

64 F.3d 355, 359 (8th Cir. 1995).

30.    Any evidence that a witness has engaged in crimes, even though he has not

been convicted of those crimes. *See United States v. Osorio*, 929 F.2d 753, 761 (1st Cir.

1991) (prosecutor "using a witness with an impeachable past has a constitutionally

derived duty to search for and produce impeachment information requested regarding the

witness"); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (admission of witness to prosecutor that he engaged in several crimes should have been disclosed); *United States v. Boffa*, 513 F. Supp. 444 (D. Del. 1980) (prior bad acts of witness discoverable); *United States v. Burnside*, 824 F. Supp. 1215 (N.D. Ill. 1993) (reversible error not to disclose ongoing illegal drug use by cooperating witnesses).

31.     Any evidence that any prospective government witness has ever made any false statement to law enforcement authorities. *United States v. Bernal-Obeso*, 989 F.2d 331, 336-7 (9th Cir. 1993) (informant's lie to DEA about his criminal record); *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992) (DEA agent's opinion of informant credibility); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (probation file listing instances of the witness lying to authorities); *United States v. Minsky*, 963 F.2d 870, 875 (6th Cir. 1992) (error not to disclose witness' false statements to FBI).

32.     Any evidence that any witness has a tendency to lie or exaggerate his testimony. *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992) (DEA agent's negative view of informant's credibility); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (must disclose probation file of witness showing tendency to lie or over-compensate).

33.     Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to his testimony or any

time prior to testifying in court.  *See United States v. Butler*, 481 F.2d 531, 534-535 (D.C.

Cir. 1973) (drug use impairs memory judgment and credibility); *United States v.*

*Burnside*, 824 F. Supp. 1215, 1265-66 (N.D. Ill. 1993) (reversible error to fail to disclose

witnesses drug use because illegal drug use by the cooperating witnesses was relevant to

the witnesses' abilities to recollect and relate events and "clear inducements from which a

fact-finder could infer witnesses wanted to stay on government prosecutor's good side").

     34.    Any medical, psychological, or psychiatric evidence tending to show that

any prospective witness' ability to perceive, remember, communicate, or tell the truth is

impaired. *See United States v. Lindstrom*, 698 F.2d 1154, 1163-68 (11th Cir. 1983)

(psychiatric records relevant to credibility); *Chavis v. North Carolina*, 637 F.2d 213, 224

(4th Cir. 1980) (psychiatric records reflecting on the competency or credibility of

witness); *United States v. Butler*, 481 F.2d 531, 534-535 (D.C. Cir. 1993) (drug use);

*United States v. McFarland*, 371 F.2d 701, 705 (2d Cir.1966) (prior hospitalizations of

witness for mental illness); *Powell v. Wiman*, 287 F.2d 275, 279 (5th Cir. 1961) (same).

     35.    Any evidence that a prospective government witness is biased or prejudiced

against the defendant or has a motive to lie, exaggerate, falsify or distort his testimony.

*See United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (motive to inform

discoverable).

     36.    Any impeaching or bad character evidence relating to any informant.

*United States v. Bernal-Obeso*, 989 F. 2d 331, 335 (9th Cir. 1993) ("it is essential that

relevant evidence bearing on the credibility of an informant-witness be timely revealed to

... defense counsel").

37.    Any evidence that a prospective government witness has not passed a

polygraph examination or had inconclusive results.  *Carter v. Rafferty*, 826 F.2d 1299,

1305 (3rd Cir. 1987); *United States v. Lynn*, 856 F.2d 430, 432-33 (1st Cir. 1988).

38.    Any evidence that someone other than the defendant committed, or was

ever suspected of committing, the crime charged. *Brady v. Maryland*, 373 U.S. 83 (1963)

(statement of accomplice that he, not defendant, did actual shooting); *United States v.*

*Crosby*, 75 F.3d 1343, 1346 (9th Cir. 1996) (reversible error to not admit evidence that

person other than defendant was the guilty party); *United States v. Perkins*, 937 F.2d

1397, 1400 (9th Cir. 1991) ("[a] defendant is entitled to introduce evidence which tends

to prove someone else committed the crime"); *Banks v. Reynolds*, 54 F.3d 1508 (10th Cir.

1995) (reversible error not to disclose to defense that another person had been arrested for

same crime); *Smith v. Secretary of New Mexico Dept. of Corrections*, 50 F.3d 801, 834

(10th Cir. 1995) (defendant denied fair trial by failure to disclose police reports, physical

evidence, and witness statements pointed to a different murder suspect).

39.    Any evidence that the government or any of its agents has ever viewed a

prospective government witness as not truthful. *United States v. Brumel-Alvarez*, 991

F.2d 1452 (9th Cir. 1992).

40.    The name of any person, whether or not he will be a witness, who could not identify the defendant or was unsure of his identity or his participation in the crime charged, and the content of any such statement. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (reversible error not to disclose evidence of misidentification by crucial witness).

41.    Any physical evidence tending to exculpate the defendant in whole or in part, tending to mitigate punishment, or tending to impeach a government witness. *See Miller v. Pate*, 386 U.S. 1 (1967) (reversible error not to disclose evidence that clothing was covered with paint, not blood); *United States v. Wood*, 57 F.3d 733 (9th Cir. 1995) (government had duty to disclose results of company research which would have been useful in impeaching government witnesses); s*ee also United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to the defendant).

42.    Any evidence mitigating the punishment of the defendant, whether or not the sentence is pursuant to the guidelines. *Brady v. Maryland*, 373 U.S. 83 (1963) (accomplice statement that he, not defendant, was actual shooter mitigates punishment of defendant).

43.    The name of every prospective government witness to be called at trial.  *See Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (court has inherent authority to order discovery of names of witnesses); *United States v. Armstrong*, 621 F.2d 951, 955

(9th Cir. 1980) (same); *United States v. Tucker*, 716 F.2d 576, 583 (9th Cir. 1983)

(ineffective assistance of counsel to fail to interview government witnesses before trial).

RESPECTFULLY SUBMITTED this 1ˢᵗ day of June, 2012.

*/s/ Francesca Freccero*
Francesca Freccero
Attorney for Defendant